IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | : | |
| | : | |
| v. | : | Civil Action No. DKC 06-0866 |
| | : | |
| SBM INVESTMENT CERTIFICATES, INC., et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion filed by Defendants SBM Investment Certificates, Inc. and SBM Certificate Company ("the SBM companies") to stay the final consent judgment (ECF No. 261). The issues are briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, Defendants' motion will be denied.

**I. Background**

Because many of the facts underlying this suit are recounted elsewhere, *see, e.g.*, *SEC v. SBM Inv. Certificates, Inc.*, No. DKC 2006-0866, 2007 WL 609888 (D.Md. Feb. 23, 2007), only a brief recitation of the facts relevant to the pending motion is necessary here.

Following extensive negotiations, the Securities and Exchange Commission ("SEC") and the SBM companies entered into a final consent judgment ("FCJ"), which the court approved on

February 28, 2011.  Pursuant to the FCJ, the SBM companies agreed to the following provisions: (1) to ensure their compliance with Section 28 of the Investment Company Act of 1940 by, among other things, retaining an independent consultant within thirty days; (2) to place funds from the sale of any assets into an escrow account for the benefit of their certificate holders; (3) to pay all outstanding interest due on the face amount certificates on November 28, 2011; and (4) to file annual reports with the SEC for calendar years 2007, 2008, 2009, and 2010 within 180 days of entry of the FCJ.

Almost immediately, the SBM companies began to request extensions of time to comply with the FCJ while they negotiated an agreement to retain the independent consultant.  (*See* ECF Nos. 219, 225).  On June 29, 2011, the parties filed a joint status report, with the SBM companies acknowledging their failure to comply with numerous provisions of the FCJ – a failure that they attributed principally to their inability to fund the evergreen retainer required by the independent consultant.  In that report, the SBM companies also stated that they were financially unable to comply with other deadlines imposed by the FCJ, "including the agreed upon timing for interest . . . payments to investors."  (ECF No. 228, at 3).  They instead proposed to deregister and no longer operate as

investment companies, purportedly in accordance with another provision of the FCJ.[1]

On August 24, 2011, the SEC moved to hold the SBM companies in contempt of court for their failure to comply with the FCJ. Two preliminary hearings were held on September 13, and October 17, 2011, in regard to the motion. During the second hearing, the court scheduled a formal evidentiary hearing on the contempt motion for November 18, 2011.[2] The evening before that hearing was to take place, the SBM companies filed a motion to stay the FCJ for ninety days pursuant to Federal Rule of Civil Procedure 60(b)(6), presumably to avoid the significant interest payment due on November 28, 2011. On November 22, 2011, the SEC filed an opposition to this motion.

## II. Analysis

Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment, such as a consent decree, for five enumerated reasons or "for any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6); *see Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 379 (1992)

---

[1] As of the most recent hearing, which took place on November 18, 2011, the SBM companies had taken no steps to begin the deregistration process.

[2] Following this second hearing, the SBM companies did retain Lawrence Friend as an independent consultant to perform a limited number of tasks set forth in the FCJ.

(applying Rule 60(b) to determine whether to grant relief from a consent decree). The SBM companies filed the pending motion pursuant only to Rule 60(b)(6), known as the "catchall provision," and they bear the heavy burden of demonstrating that relief is warranted. *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). Indeed, the United States Court of Appeals for the Fourth Circuit recently explained the difficulty that a movant faces when seeking relief under Rule this provision:

> While this catchall reason includes few textual limitations, its context requires that it may be invoked in only "extraordinary circumstances" when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5). As Chief Justice Rehnquist noted in his separate opinion in *Liljeberg* [*v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)]: Rule 60(b) authorizes a district court, on motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding for any "reason justifying relief from the operation of the judgment." However, we have repeatedly instructed that only truly "extraordinary circumstances" will permit a party successfully to invoke the "any other reason" clause of § 60(b). This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.

*Aikens v. Ingram*, 652 F.3d 496, 500-01 (4th Cir. 2011) (citation omitted).

The SBM companies wholly fail to demonstrate that such "extraordinary circumstances" exist here. Their motion sets forth no independent basis for this request, instead merely stating that "[t]he bases for this motion are the same bases as are set forth" in their opposition to the SEC's motion to hold the SBM companies in contempt. (ECF No. 261-2, at 2). The principal argument articulated in those opposition papers – and the only one that appears to be relevant here – is the financial inability of the SBM companies to comply with the FCJ. A party's inability to comply with a consent judgment, however, does not on its own warrant relief under Rule 60(b)(6). *See, e.g.*, *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996); *see also Rufo*, 502 U.S. at 383 (reasoning that a consent decree cannot be modified simply because "it is no longer convenient to live with [its] terms"). The SBM companies articulate no other justification for their eleventh-hour motion to stay and, as a result, they have failed to satisfy their burden of demonstrating that "extraordinary circumstances" mandate relief from the FCJ.[3]

---

[3] Courts have recognized that extraordinary circumstances may exist where, after entry of judgment, "events not contemplated by the moving party render enforcement of the judgment inequitable." *Cashner*, 98 F.3d at 579. The SBM companies, however, advance no argument that any such events have transpired in the present case.

5

**III. Conclusion**

For the foregoing reasons, the SBM companies' motion to stay the FCJ will be denied. A separate Order will follow.

                              /s/
          DEBORAH K. CHASANOW
          United States District Judge